# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Kathy Reaves,** | ) | CASE NO. 1:26 CV 366 |
| | ) | |
| **Plaintiff,** | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Order of Dismissal |
| **Patriot Auto Sales, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on *pro se* Plaintiff Kathy Reaves's Application to Proceed *In Forma Pauperis* ("IFP"). (Doc. No. 2). In that Application, Plaintiff states that her only income is $ 750.00 in gifts which she receives every month. She does not elaborate on the source of these gifts. When asked to list her employment history for the past two years, she stated "N/A." (Doc. No. 2 at PageID #: 24). She claims the only bank account that she has is a savings account with less than $ 2.00 in it. (Doc. No. 2 at PageID #: 24). She states that she owns no home or real estate, no vehicle, and has no other assets of any kind. (Doc. No. 2 at PageID #: 25). For expenses, Plaintiff lists "$ 0.00" for rent or mortgage, medical or dental expenses, transportation expenses, insurance payments, and installment payments, which include motor vehicle loans and credit cards. The expenses that she lists (food, utilities, clothing and laundry) total $ 750.00. Plaintiff signed the Application attesting "under penalty of perjury that the information [in the Application] below is true and [that

1

she] understand[s] that a false statement may result in dismissal of [her] claims." (Doc. No. 2 at PageID #: 23).

Plaintiff is a serial filer in federal courts around the United States. She has filed at least 77 other cases in District Courts of the United States, including the Northern District of Georgia, the Southern District of Georgia, the Southern District of Indiana, the Eastern District of North Carolina, the Western District of North Carolina, the District of South Carolina, the Northern District of Texas, and the Middle District of Alabama.[1] In the

---

[1] In addition to this case, the following are cases filed by Kathy Reaves:

**Northern District of Georgia**: *Ferreira v. Reaves*, No. 1:2017cv00722 (N.D. Ga. filed Feb. 27, 2017 and dismissed Mar. 8, 2017)(removal); *Reaves et al v. Pace, III et al*, No. 1:2024mi00109 (N.D. Ga. filed Nov. 6, 2024 and dismissed Nov. 12, 2024)(restricted filer); *Reaves v. Goodwill of North America et al*, No. 1:2018cv01541 (N.D. Ga. filed Apr. 10, 2018 and dismissed Apr. 23, 2018); *Reaves v. Brown et al*, No. 1:2018cv00360 (N.D. Ga. filed Jan. 24. 2018 and dismissed Jan. 26, 2018); *Reaves et al v. Henry County Board of Education et al*, No. 1:2022cv04764 (N.D. Ga. filed Dec. 1, 2022 and dismissed Apr. 28, 2023); *Reaves v. Knowlton et al*, No. 1:2022cv04765 (N.D. Ga. filed Dec. 1, 2022 and dismissed Jan. 20, 2023); *Reaves v. Guined et al.*, No. 1:2023cv00778 (N.D. Ga. filed Feb. 17, 2023 and dismissed July 25, 2024)(restricted filer); *Reaves v. Dr. Makeba Clark et al*, No. 1:2023cv01082 (N.D. Ga. filed Mar. 13, 2023 and dismissed July 25, 2024); *Reaves v. South Carolina Insurance Reserve Fund et al*. No. 1:2024cv00352 (N.D. Ga. filed Jan. 24, 2024 and dismissed July 25, 2024); *Reaves v. Clayton County Public Schools et al*, No. 1:2021cv03882 (N.D. Ga. filed Sep. 21, 2021 and dismissed Dec. 14, 2022); *Reaves v. Department of Community Supervision et al*, No. 1:2021cv03549 (N.D. Ga. filed Aug. 26, 2021 and dismissed Sep. 2, 2021).
**Southern District of Georgia**: *Reaves v. National Law Enforcement et al*, No. 1:2023cv00148 (S.D. Ga filed Oct. 06, /2023 dismissed Apr. 01, 2024; *In re Reaves*, No. 1:2024mc00015 (S.D. Ga. filed 10/29/2024); *Reaves v. Medlin et al*, No. 1:2019cv00029 (N.D. Ohio filed Feb. 28, 2019 and dismissed June 7, 2019); *Reaves v. DGBJSH Family Propertie*s, LLC et al, No. 1:2019cv00113 (S.D. Ga. filed July 30, 2019 and dismissed Sep. 4, 2019); *Reaves et al v. Kyler et al*, No. 1:2024cv00065 (S.D. Ga. filed May 9, 2024 and dismissed July 16, 2024); *Reaves v. Blackwell et al*, No. 1:2024cv00132 (S.D. Ga. filed Aug. 13, 2024 and dismissed Sep. 18, 2024); *State of Georgia et al v. Brown et al*, No. 1:2019cv00070(S.D. Ga. filed May 14, 2019 and dismissed July 10, 2019); *Reaves v. Foster et al*, No. 1:2021cv00120 (S.D, Ga. filed Aug. 11, 2021 and dismissed Oct. 21, 2021).
**Southern District of Indiana**: *Spangler v. Reaves*, No. 1:2016cv01228 (S.D. Ind. filed May 18, 2016 and dismissed May 20, 2016); *Reaves v. Weaver*, No. 1:2015 cv 00664 (S.D. Ind. filed Apr. 24, 2015 and dismissed June 22, 2015).
**Eastern District of North Carolina**: *Reaves et al v. Maxton Police Department et al*, No. 7:2026cv00014 (E.D.N.C. filed Jan.29/2026); *Reaves v. Williamson*, 7:2026cv00016 (E.D.N.C. filed Jan. 29, 2026); *Reaves et al v. Maxton Police Department et al*, No. 7:2022cv00204 (E.D.N.C. filed Nov. 28, 2022 and dismissed Apr. 12, 2023); *Reaves v. Williamson et al*, No. 7:2022cv00002 (E.D.N.C. filed Jan. 3, 2022 and dismissed Nov. 22, 2022); *Reaves v. Public Schools of Robeson County et al*, No. 7:2022cv00039 (E.D.N.C. filed Mar. 11, 2022 and dismissed Jan. 26, 2023); *Reaves v. Faulkner et al*, No. 7:2022cv00040 (E.D.N.C. file Mar. 11, 2022 and dismissed Mar. 23, 2023; *Reaves v. Pierce et al* 4:2022cv00052 (E.D.N.C.filed Mar. 30, 2022 and dismissed Apr. 1, 2022)(restricted filer); *Reaves v. Pierce et al*, 7:2022cv00053 (E.D.N.C. filed Mar. 30, 2022 and dismissed June 30, 2022).

**Western District of North Carolina**: *Reaves v. Usie, et al*, No. 3:2000cv00122 (W.D.N.C. filed Mar. 16, 2000 and dismissed June 23, 2000); *Reaves v. James et al*., No. 5:2025cv00206 (W.D.N.C. filed Dec. 15, 2025); *Reaves v. James et al*, No. 5:2025cv00212 (W.D.N.C. filed Dec. 19, 2025); *Reaves v. Automotive Management Services Inc. et al*, No. 3:2026cv00107 (W.D.N.C. filed Feb. 9, 2026).
**District of South Carolina**: *Reaves et al v. Shoemaker et al*, No. 4:2024cv05622 (D.S.C. filed Oct. 7, 2024 and dismissed June 2, 2025); *Reaves et al v. Troy's Funderal Home et al*, No. 4:2024cv06322 (D.S.C. filed Nov. 4, 2024 and dismissed Jan. 24, 2025); *Reaves v. Richland SD 2 et al*, No. 3:2024cv06341 (D.S.C. filed Nov. 6, 2024 and dismissed June 2, 2025); *Reaves v. Bethea et al*, 4:2024cv06974 (D.S.C. filed Dec. 2, 2024 and dismissed Jan. 24, 2025); *Reaves v. Clayton County School District et al*, No. 4:2024cv07009 (D.S.C. filed Dec. 2, 2024 and dismissed Jan. 24, 2025); *Reaves v. Covington et al*, No. 4:2007cv01183 (D.S.C. filed Apr. 30, 2007 and dismissed Aug. 25, 2010); *Reaves v. Mecklenburg, County Of et al*., No. 4:2007cv01334 (D.S.C. filed May 8, 2007 and dismissed Feb. 26, 2008); *Reaves v. Atkinson et al*., No. 4:2007cv01727 (D.S.C. filed June 21, 2007 and dismissed Nov. 20, 2008); *Reaves v. Mecklenburg, County Of et al*, No. 4:2008cv01989 (D.S.C. filed May 22, 2008 and dismissed May 27, 2011); *Reaves v. Warner et al*, No. 4:2022cv02650 (D.S.C.filed Aug. 11, 2022 and dismissed Nov. 18, 2022); *Reaves v. Richmond County Sheriff Office et al*., 4:2022cv03065 (D.S.C. filed Sep. 12, 2022 and dismissed Mar. 13, 2023); *In Re: Kathy Reaves*, No. 4:2022cv00453 (D.S.C. filed Feb 11, 2022 and dismissed Mar. 25, 2022); *Reaves v. Dickens et al*, 4:2022cv00639 (D.S.C.filed Mar. 2, 2022 and dismissed Feb. 21, 2023); *Kathy J. Reaves vs. Kathryn M. Crews*, et al., No. 3:2022cv00732 (D.S.C.filed Mar. 7, 2022 and dismissed July 11, 2022); *Reaves v. Crews*, No. 4:2022cv00856 (D.S.C. filed Mar. 15, 2022 and dismissed Nov. 18, 2022); *Reaves v. The Wilcox Law Firm et al*, No. 4:2022cv01024 (D.S.C. filed Mar. 30, 2022 and dismissed July 11, 2022); *Reaves v. Keel et al*, No. 4:2022cv01023 (D.S.C. filed Mar. 30, 2022 and dismissed July 11, 2022); *Reaves v. Wilkerson et al*., No. 4:2022cv01077 (D.S.C. filed Apr. 4, 2022 and dismissed July 11, 2022); *Evans et al v. Leroy et al*., No. 4:2022cv01150 (D.S.C. filed Apr. 8, 2022 and dismissed Mar. 13, 2023); *Reaves v. South Carolina Department of Public Safety et al*, No. 3:2022cv01323 (D.S.C. filed Apr. 25, 2022 and dismissed Nov. 18, 2022); *Reaves v. IDENTEGO/IDEMIA et al.*, No. 3:2022cv01399 (D.S.C. filed May 2, 2022 and dismissed Nov. 7, 2022); *Reaves v. Dickens et al*., No. 4:2022cv00318 (D.S.C. filed Feb. 1, 2022 and dismissed Jan. 8, 2024); *Reaves v. Richmond County Sheriff's Office et al*., No. 4:2022cv01806 (D.S.C. filed June 8, 2022 and dismissed Nov. 18, 2022); *Reaves v. Medlin et al.*, No. 4:2022cv01868 (D.S.C. filed June 13, 2022 and dismissed Nov. 18, 2022); *Reaves et al v. Guelho et al* ., No. 4:2022cv02799 (D.S.C. filed Aug. 22, 2022 and dismissed Nov. 18, 2022); *Reaves et al v. Mullins Police Department et al.*, No. 4:2022cv03181(D.S.C. filed Sep. 19, 2022 and dismissed Nov. 18, 2022); *Reaves v. Schwedo et al*., No. 4:2023cv01911 (D.S.C. filed May 8, 2023 and dismissed Aug. 4, 2023); *Reaves v. Washington et al.,* No. 4:2023cv03847 (D.S.C. filed Aug. 4, 2023 and dismissed Jan. 25, 2024); *Reaves v. Huff et al*., No. 4:2023cv05130 (D.S.C. filed Oct. 13, 2023 and dismissed Nov. 15, 2023); *Reaves v. County of Marlboro et al.*, No. 4:2023cv05148 (D.S.C. filed Oct. 13, 2023 and dismissed Aug. 22, 2024); *Reaves v. Arthur et al*., No. 4:2023cv05362 (D.S.C. filed Oct. 25, 2023 and dismissed May 14, 2024); *Reaves v. Blanchard et al*., No. 4:2024cv03418 (D.S.C. filed June 7, 2024 and dismissed Aug. 22, 2024); *Reaves et al v. S.C. Board of Education et al*., No. 3:2024cv05143 (D.S.C. filed Sep. 18, 2024 and dismissed Jan. 23, 2025); *Reaves v. South Carolina Law Enforcement et al*., No. 4:2024cv05607 (D.S.C. filed Oct. 4, 2024 and dismissed Jan. 23, 2025); *Reaves v. Shoemaker et al*., No. 3:2025cv12841 (D.S.C. filed Oct. 7, 2025); *Reaves v. Wilkerson et al*., No. 4:2025cv13662 (D.S.C. filed Dec. 2, 2025); *Reaves v. Weaver et al*., No. 4:2025cv13955 (D.S.C. filed Dec. 22, 2025); *Reaves v. Wilcox Buyck & Williams PA*, No. 4:2026cv00109 (D.S.C. filed Jan. 12, 2026); *Reaves v. Marion County School District et al*., No. 4:2026cv00528 (D.S.C. filed Feb. 9, 2026); *Reaves et al v. Mullins, City of et al*., No. 4:2007cv01487 (D.S.C. filed May 25, 2007 and dismissed July 22, 2010); *Reaves v. Davidson et al*., No. 4:2022cv01142 (D.S.C. filed Apr. 7, 2022 and dismissed July 11, 2022); *Reaves v. Marion County School District et al*, No. 4:2019cv02922 (D.S.C. filed Oct. 15, 2019 dismissed Apr. 16, 2020); *Reaves v. Airnb-California et al*., No. 3:2023cv04970 (D.S.C. filed Oct. 4, 2023 and dismissed Nov. 15, 2023).
**Northern District of Texas**: *Reaves, et al v. Oreck Corp, et al.*, No. 3:1993cv00418 (N.D. Tex filedMar. 1, 1993 and dismissed June 27, 1994).
**Middle District of Alabama**: *Reaves et al v. City of Auburn, Alabama et al*, No. 3:2026cv00107 M.D. Ala. filed Feb. 17, 2026).6

3

overwhelming majority of these cases, Plaintiff was granted permission to proceed at taxpayer expense. A cursory review of just some of these Complaints reveals that Plaintiff filed a deliberately untrue IFP Application in this action.

Just four days before Plaintiff filed this action, she filed an action against Automotive Management Services, Inc. in the Western District of North Carolina. *See Reaves v. Automotive Management Serv. Inc.*, No. 3:26 CV 107 (W.D.N.C. filed Feb. 9, 2026). She alleges that in November 2025, she purchased a vehicle from the Defendant and entered into a motor vehicle installment contract. She states that in December 2025 and January 2026 she paid over $ 2,000.00 on the motor vehicle loan. She states in her IFP Application in this case that she does not own a vehicle, and has no motor vehicle installment loan payments. (Doc. No. 2 at PageID #: 25, 26). Ironically, she filed an identical IFP Application in *Reaves v. Automotive Management Serv. Inc.*, No. 3:26 CV 107. That Court denied her Application due to its obvious inconsistency with her pleading. *Reaves v. Automotive Management Serv. Inc.*, No. 3:26 CV 107(W.D.N.C. filed Feb. 9, 2026)(Doc. No. 6 at Page 1-2).

Plaintiff filed two other cases in the Western District of North Carolina, on December 15, 2025 and December 19, 2025. *See Reaves v. James*, No. 5:25 CV 206 (W.D.N.C. filed Dec. 15, 2025); *Reaves v. James*, No. 5:25 CV 212 (W.D.N.C. filed Dec. 19, 2025). Both of these are employment discrimination cases. In Case No. 5:25 CV 206, Plaintiff states that she "is a certified teacher employed under contract with the State of North Carolina, assigned to Statesville High School Iredell County." *Reaves v. James*, No. 5:25 CV 206 (Doc. No. 1at PageID #: 24). She also alleges that in December 2025, a group of students staged a walkout of her classroom to protest her teaching techniques. Similarly, in Case No. 5:25 CV 212, Plaintiff states that she "is a contracted employee of Iredell County Schools, Statesville,

4

North Carolina." *Reaves v. James*, No. 5:25 CV 212 (Doc. No. 1 at PageID #: 1). This indicates Plaintiff was employed as a teacher as of December 2025. In her IFP Application filed in this Court, when asked to list her employment history for the past two years with her most recent employer first, she writes "N/A" in the space provided for the answer. That is an untrue statement.

Moreover, while the Western District of North Carolina seals its IFP Applications, it does not seal the Court's ruling on those Applications. In denying her IFP Application in *Reaves v. Automotive Management Serv. Inc.*, No. 3:26 CV 107(W.D.N.C. filed Feb. 9, 2026), the Court noted that Plaintiff's IFP Applications in *Reaves v. James*, No. 5:25 CV 206 (W.D.N.C. filed Dec. 15, 2025) and *Reaves v. James*, No. 5:25 CV 212 (W.D.N.C. filed Dec. 19, 2025) list her income as of December 2025 as including $ 3,200.00 in monthly wages and $ 948 in other income. (Doc. No. 6 at Page 1). Plaintiff lists her income from current and past employment as "$0." (Doc. No. 2 at PageID #:24). That is an untrue statement.

Finally, although Plaintiff lists her address as "Post Office Box 8806, Columbia SC 29202-8806" in this case and the three aforementioned cases in the Western District of North Carolina, she contends she is a resident of South Carolina in this case, but states that she is a resident of Mecklinburg, North Carolina in the other cases, including the one she filed just four days before she filed this one. (Doc. No. 1 at PageID #: 3). *Compare Reaves v. Automotive Management Serv. Inc.*, No. 3:26 CV 107 (W.D.N.C. filed Feb. 9, 2026)(Doc. No. 1 at PageID #: 2). In her IFP Application, she indicates that she does not own real estate, does not have a mortgage, and does not pay rent for any residence in any state.

The statute which governs IFP actions, provides that:

5

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or if (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also* Fed. R. Civ. P. 11 (b)("By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief,…(3) the factual contentions have evidentiary support… ."). Plaintiff completed this Application under penalty of perjury and deliberately provided false information. A District Court may dismiss a Complaint with or without prejudice if a Plaintiff misrepresents his or her pauper status. *See Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019); *see also Reyes v. Fishel*, 996 F.3d 420, 425 (7th Cir. 2021) ("Dismissal with prejudice is a permissible sanction where a [Plaintiff] has made an untrue allegation of poverty.").

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is DENIED and this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Furthermore, Plaintiff is enjoined from filing any additional documents in this case, including post judgment Motions, unless she first pays the full filing fee of $405.00.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: 2/26/2026    U. S. DISTRICT JUDGE